```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                        NASHVILLE DIVISION
```

RODNEY T. PATTERSON,            )
                                )
        Plaintiff               )
                                )      No. 1:16-0005
v.                              )      Chief Judge Sharp/Brown
                                )
CORRECTIONS CORPORATION OF      )
AMERICA, *et al.*,              )
                                )
        Defendants              )

**TO:   THE HONORABLE KEVIN H. SHARP**

## REPORT AND RECOMMENDATION

Presently pending is a motion by the Plaintiff for a temporary restraining order and preliminary injunction (Docket Entry 38). The Defendants in this case have filed a response (Docket Entry 39). For the reasons stated below, the Magistrate Judge recommends that the motion for a temporary restraining order and preliminary injunction be denied.

## BACKGROUND

The Plaintiff filed his complaint (Docket Entry 1) on February 1, 2016. He is a prisoner who has had three cases dismissed as frivolous and is therefore subject to the three-strike provision of the Prison Litigation Reform Act (PLRA).

On initial review the District Judge allowed the complaint to proceed, although commenting that the case provided an extremely close call (Docket Entry 3, p. 3). In the initial review the Court summarized the Plaintiff's complaint in Docket Entry 3, Section II(B). The Plaintiff alleged that he had a serious

orthopaedic condition that requires him to use a cane. He alleges that he was shoved by three correctional officers while handcuffed and the shove caused him to fall and seriously injure his foot, leg and back. He alleged that the other officers did nothing to prevent the injuries and that his grievance was not properly handled. He further alleged that he was taken for medical x-rays on September 9, 2015, and learned that he had a fractured big toe. He alleged that he was not given adequate medical treatment by Nurse Harville and that Dr. Coble failed to arrange for the specialized care he needed outside the prison. He also alleged various failings by Corrections Corporation of America (CCA) officials, which were designed to save money and not give him appropriate medical treatment.

After a thorough review, the District Judge allowed the claims against Nurse Gay Harville to proceed based on the allegation that she deprived the Plaintiff of necessary medical care. The District Judge also allowed the claims against Senior Correctional Officer Daniel Harville to proceed, based on the allegation that the officer intentionally shoved the Plaintiff while he was in a vulnerable position, causing him to fall and injure himself. Finally, the case was allowed to proceed against Dr. Coble, based on Dr. Coble's alleged failure to provide the Plaintiff with necessary medical treatment. Claims against all other Defendants were dismissed.

2

The Plaintiff subsequently attempted to amend his complaint to add additional Defendants (Docket Entry 10). This motion was denied on the grounds that he did not file a complete amended complaint and he was given directions on how to request an amended complaint should he wish to proceed. The Plaintiff subsequently filed a motion to amend his complaint (Docket Entry 28), which was denied (Docket Entry 35) after consideration of the Defendants' response (Docket Entry 34).

The amended complaint was denied because the Plaintiff was attempting to add an entirely new incident that occurred on February 26, 2016. It appeared to the Magistrate Judge that the Plaintiff was attempting to avoid the three-strike review by amending this case to essentially add a new case. Plaintiff was advised that he was free to file a new lawsuit and seek to proceed *in forma pauperis* or pay the full filing fee. The Magistrate Judge found it inappropriate to add a new complaint with new allegations involving for the most part all new Defendants to the present lawsuit.

The Plaintiff's motion for a temporary restraining order and preliminary injunction (Docket Entry 38) appears in part to be another end run around the three-strike requirement. As the Defendants point out in their response (Docket Entry 39), the Plaintiff attempts to add five new defendants, and in his motion he is requesting a PI/TRO because he alleges these individuals failed to deliver orthopaedic shoes that had been ordered by the medical

3

staff and received at the prison. He alleges that this occurred beginning on March 3, 2016.

**LEGAL DISCUSSION**

As the response points out (Docket Entry 39), the Plaintiff is essentially attempting to file a new lawsuit against these individuals over the nondelivery of orthopaedic shoes. This is a totally separate incident and he is requesting the Court order relief against individuals who are not parties to this litigation. The law cited by the Defendants on this is correct and need not be repeated again.

While the Magistrate Judge would certainly trust that if orthopaedic shoes had been ordered by the medical department for the Plaintiff and they are at the institution they should be delivered to him absent some extraordinary circumstance. Regardless, the Plaintiff has simply picked an inappropriate procedure to secure the relief he seeks.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the motion (Docket Entry 38) be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed

in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

    **ENTER** this 8th day of August, 2016.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge